IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS L. WALLACE,** **individually situated,** | : | **CIVIL NO. 1:12-CV-0872** |
| **Plaintiff** | : | |
| v. | : | |
| **MEDIANEWS GROUP, INC.,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

**I.      Background**

Before the court is Plaintiff Marcus Wallace's motion to alter or amend an order of this court dated January 18, 2013. This motion will be deemed to be a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

**II.     Discussion**

A motion for reconsideration is a device of limited utility. Its purspose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law, no new evidence that was unavailable at the time this court entered judgment, and no error of law or fact. The court recognizes that Plaintiff disputes this court's interpretation of the facts vis-a-vis Plaintiff's interpretation. These are arguments that were previously presented.

### III. Conclusion

While Plaintiff may disagree with the findings and outcome, this court finds no basis to reconsider its earlier decision. Accordingly, the motion for reconsideration will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: March 4, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCUS L. WALLACE,** individually situated, | CIVIL NO. 1:12-CV-0872 |
| Plaintiff | |
| v. | |
| **MEDIANEWS GROUP, INC.,** | |
| Defendant | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion to alter or amend (Doc. 29) is deemed to be a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

2) The motion for reconsideration is **DENIED**.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: March 4, 2013.